**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**JASON A. CHILDERS**
Hulse, Lacey, Hardacre, Austin,
  Sims & Childers, P.C.
Anderson, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ANDREW R. FALK**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

MITCHELL PRESTON,               )
                                )
   Appellant-Defendant,        )
                                )
       vs.              )    No. 48A04-1108-CR-403
                                )
STATE OF INDIANA,               )
                                )
   Appellee-Plaintiff.         )

APPEAL FROM THE MADISON CIRCUIT COURT
The Honorable Rudolph R. Pyle, III, Judge
Cause No. 48C01-0101-CF-008
Cause No. 48C01-0102-CF-040
Cause No. 48C01-0708-FD-394

**March 20, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BAILEY, Judge**

**Case Summary**

Upon finding that Mitchell Preston ("Preston") had violated the terms of his probation, the trial court ordered Preston to serve seven years of his previously suspended sentences in the Indiana Department of Correction ("DOC"). Preston now appeals the trial court's order, arguing that it was an abuse of discretion. Finding no abuse of discretion, we affirm.

**Facts and Procedural History**

On July 9, 2001, Preston pled guilty to one count of Dealing in a Schedule II Controlled Substance, as a Class B felony,[1] and one count of Possession of Marijuana, as a Class A misdemeanor,[2] under cause number 48C01-0101-CF-008 ("CF-008"). That same day, Preston pled guilty to one count of Dealing in Cocaine, as a Class B felony,[3] and one count of Dealing in Marijuana, as a Class D felony,[4] under cause number 48C01-0102-CF-040 ("CF-040"). On August 15, 2001, the trial court sentenced Preston to twenty years under each cause number, with fifteen years executed and five suspended.[5] The sentences were to run concurrently with each other.

On December 17, 2004, Preston petitioned for a modification of his sentence. The trial court granted Preston's petition on December 20, 2004, by modifying the executed

---

[1] Ind. Code § 35-48-4-2(a).
[2] I.C. § 35-48-4-11.
[3] I.C. § 35-48-4-1(a).
[4] I.C. § 35-48-4-10(a).
[5] Specifically, under CF-008, Preston received twenty years for Dealing in a Schedule II Controlled Substance, with fifteen years executed and five years suspended, and one year for Possession of Marijuana, to run concurrently. Under CF-040, Preston received twenty years for Dealing in Cocaine, with fifteen years executed and five years suspended, and one year for Dealing in Marijuana, to run concurrently.

portion of his sentences in both CF-008 and CF-040 to time already served. Preston was released from the DOC the same day and was placed on probation.

In early 2006, the State filed a Notice of Probation Violation against Preston for operating a vehicle while intoxicated. On March 27, 2006, Preston admitted violating the terms of his probation. On July 5, 2006, the trial court ordered that Preston's probation be extended for six months.

On August 15, 2007, the State charged Preston with several offenses under cause number 48C01-0708-FD-394 ("FD-394") and on October 3, 2007, Preston pled guilty to Possession of a Controlled Substance, as a Class D felony;[6] Unlawful Possession of a Legend Drug, as a Class D felony;[7] Operating a Vehicle While Intoxicated, as a Class D felony;[8] and Possession of Marijuana, as a Class D felony.[9] Preston was sentenced on October 9, 2007, and, for each offense, he received three years imprisonment, with eighteen months executed in the DOC and eighteen months in a community corrections work release program. The trial court ordered that all his sentences be served concurrently, but stayed all sentences pending Preston's successful completion of the drug court program.

Having pled guilty to the offenses in FD-394, Preston was also in violation of his probation in causes CF-008 and CF-040. For these violations, the court ordered that he serve two years imprisonment for each cause number, both executed in the DOC, with the terms

---

[6] I.C. § 35-48-4-7(a).
[7] I.C. § 16-42-19-13.
[8] I.C. § 9-30-5-2(a); I.C. § 9-30-5-3.
[9] I.C. § 35-48-4-11(1).

running concurrently with each other but consecutive to his year sentence in FD-394[10]. However, the execution of these two-year terms of imprisonment was also stayed pending successful completion of the drug court program.

Preston was admitted to the drug court program on October 22, 2007, but he opted out on October 9, 2008, because of a new arrest. This arrest constituted a violation of the terms of his probation, and, as a sanction in causes CF-008 and CF-040, he was ordered to serve two years in a community corrections work release program for each cause number. The trial court ordered that Preston serve these two terms concurrently with each other. Consecutive to this was an additional two years in work release for the probation violation in cause FD-394.

On May 6, 2009, Preston petitioned the court for a modification of the terms of his sentence from work release to probation. The State did not object, and the trial court granted Preston's request as to all three cause numbers on May 18, 2009.

On June 6, 2011, the State filed a notice of probation violation in all three cause numbers against Preston because he tested positive for cocaine metabolite. The trial court held a contested hearing on July 11, 2011, and after hearing evidence and argument of counsel, concluded that Preston had violated the terms of his probation. Preston was ordered to serve four years in the DOC for his probation violation in CF-008 and four years in the

---

[10] The Chronological Case Summary for FD-394 contains what we surmise to be a typographical error. It states that the three year sentence in FD-394 shall be consecutive to CF-040 but concurrent with CF-008. However, both the Chronological Case Summary for CF-040 and the one for CF-008 state that the sanctions in these two offenses shall run concurrently with each other and consecutive to FD-394.

4

DOC for his violation in CF-040, to run concurrently. For violating his probation in cause FD-394, the trial court ordered that he serve three years in the DOC, to run consecutively to the sentences in CF-008 and CF-040, for an aggregate term of seven years in the DOC with adjustments for credit time and time actually served against his previously-suspended sentences in work release.

Preston now appeals the trial court's order for his probation violation.

**Discussion and Decision**

Standard of Review

Probation is a matter of grace left to the trial court's discretion, not a right to which a criminal defendant is entitled. Prewitt v. State, 878 N.E.2d 184, 188 (Ind. 2007). The trial court determines the conditions of probation, and may revoke probation if those conditions are violated. Id. We review a trial court's order for probation violations for an abuse of discretion. Id. An abuse of discretion occurs when the decision is clearly against the logic and effect of the facts and circumstances. Id.

Analysis

Preston does not dispute that he violated the terms of his probation, but instead argues that the trial court abused its discretion by ordering that he serve seven years in the DOC rather than in a work release program, as he requested. He asks that we vacate the trial court's order and remand for a new hearing.

Upon finding that Preston violated the terms of his probation, the trial court could have ordered any of the following:

5

(1) Continue Preston on probation, with or without modifying or enlarging the conditions.

(2) Extend Preston's probationary period for not more than one year beyond the original probationary period.

(3) Order execution of all or part of the sentence that was suspended at the time of initial sentencing.

See I.C. § 35-38-2-3(g).

Here, the trial court revoked Preston's previously suspended sentences and ordered that he serve them in the DOC. This was after the trial court had already shown considerable grace and leeway to Preston. His original sentences in CF-008 and CF-040 were modified such that he was released from the DOC earlier than originally anticipated and placed on probation. He then violated the terms of that probation in 2006, but he was not sent back to the DOC; instead, his probationary period was extended. He violated the terms of his probation yet again in 2007, but the trial court stayed the sentences for those offenses pending successful completion of a drug court program. Preston did not successfully complete that drug court program because of another arrest, but instead of returning him to the DOC, the trial court sent him to a community corrections work release program. While in work release, Preston successfully petitioned to be transferred back to probation, where he again violated the terms of his probation.

Given the extraordinary grace that the trial court has already afforded Preston and his repeated unwillingness to comply with probationary terms, we cannot say that the trial court abused its discretion by ordering that Preston serve seven years in the DOC. The trial court's

6

order is affirmed.

Affirmed.

BAKER, J., and DARDEN, J., concur.